IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3067-BO

| | |
|---|---|
| WILLIAM DANIEL, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

William Daniel ("plaintiff"), a federal inmate, filed this suit pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, et seq. The United States of America filed a motion to dismiss the FTCA claim pursuant to 12(b)(6) [D.E. 20]. Plaintiff has responded to the pending motion [D.E. 25], and the matter is properly before the court.

A motion pursuant to 12(b)(6) determines whether a claim is stated, not the resolution of factual contests, the merits of a claim, or the applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting

Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

Plaintiff alleges that he has been diagnosed with Macular Degeneration. The Bureau of Prison staff at the Federal Correctional Complex at Butner, North Carolina, has continually failed to facilitate treatment for his condition and his eye sight continues to deteriorate. Plaintiff specifically alleges that a delay in receiving "intravitreal Lucentis injections" and other medical care including follow-up medical visit to his medical doctor constitutes negligence on the part of BOP staff. See Complaint at 2-3.

An individual may seek relief from the United States under the FTCA only where the same relief sought is available against a private person in the state where the cause of action arose. See, e.g., United States v. Muniz, 374 U.S. 150, 152–53 (1963); Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991). "State law determines whether there is an underlying cause of action; but federal law defines the limitations period and determines when that cause of action accrued." Miller, 932 F.2d at 303. "[F]ederal courts apply the substantive law of the state in which the act or omission giving rise to the action occurred." Myrick v. United States, 723 F.2d 1158, 1159 (4th Cir. 1983); Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676 (W.D.N.C. 2004).

In this case, plaintiff was incarcerated in North Carolina throughout the relevant time period. Thus, North Carolina is the state in which the alleged act or omission giving rise to the action occurred, and the court examines North Carolina substantive law. Defendant asserts that North Carolina imposes substantive legal requirements that a person must follow to pursue a medical malpractice claim which plaintiff has failed to do. See N.C. R. Civ. P. 9(j).

Under North Carolina Rule of Civil Procedure 9(j), a plaintiff's medical malpractice complaint must assert that the medical care has been reviewed by a person who is reasonably

2

expected to qualify (or whom the plaintiff will move to qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care. See N.C. R. Civ. P. 9(j)(1), (2); see, e.g., Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676 (W.D.N.C. 2004); Moore v. Pitt County Mem'l Hosp., 139 F. Supp. 2d 712, 713 (E.D.N.C. 2001); Acosta v. Byrum, 180 N.C. App. 562, 572, 638 S.E.2d 246, 253 (2006). Alternatively, the complaint must allege facts establishing negligence under the common-law doctrine of res ipsa loquitur. See N.C. R. Civ. P. 9j(3). Failure to comply with Rule 9(j) is grounds for dismissal of a state medical malpractice claim brought in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier, 308 F. Supp. 2d at 676–77; Moore, 139 F. Supp. 2d at 713.

In this case, however, plaintiff's complaint does not appear to allege a claim for medical malpractice, but that prison officials failed to provide him with timely and necessary medical care as required by his medical condition. Thus, as stated in plaintiff's response and as understood by this court, plaintiff asserts ordinary negligence. Response, "The defendant keeps referring the action to a complaint of malpractice rather than the negligence plaintiff asserts . . ."; and "Plaintiff never complained of the treatment he received from the medical specialist. Plaintiff's complaint concerned the fact that the administration failed to follow the medical decisions concerning the need for treatment to prevent further and present damage to his eyes." Because plaintiff's action does not appear to be based upon medical malpractice, plaintiff is not required to meet the requirements of Rule 9(j). Thus, plaintiff may proceed with his FTCA claim, and defendant's motion to dismiss is DENIED.

Accordingly, defendant's motion to dismiss is DENIED [D.E. 20]. Having so determined, the matter shall be referred to United States Magistrate Judge William A. Webb for the entry of a scheduling order to include a period of limited discovery.

SO ORDERED, this the 31 day of January 2013.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE